REGAN, Judge.
The plaintiff, Everett Clark, filed this suit against the defendant, Canal Automatic Transmission Service, Inc., endeavoring to recover the sum of $708.00 representing damages which he asserts were incurred as the result of the defendant’s failure to properly repair the transmission of his automobile.
The defendant answered and denied that it had used defective parts or that it had failed to repair the transmission in a workmanlike manner. It then reconvened in an endeavor to recover the sum of $224.50 representing the cost of storing the plaintiff’s vehicle in its place of business and labor charges for dismantling the transmission at the plaintiff’s request.
The plaintiff answered the reconventional demand and denied that he had refused to call for his automobile and that he did not pay the storage charge of $224.50, because he did not owe it, since he had not requested the dismantling of the vehicle’s transmission.
Judgment was rendered in favor of the plaintiff awarding him $494.00 together with legal interest from the date of judicial demand and all costs, and dismissing the reconventional demand. From that judgment, the defendant has prosecuted this appeal.
The record discloses that on February 25, 1966, the plaintiff brought his 1960 Lincoln Continental automobile to the defendant’s shop for repair of the transmission, brakes and some other minor defects. The plaintiff called for his automobile in March of 1966, and was assured that it had been properly repaired, at which time, he paid the defendant $348.96, the total contract price. However, on his return home, he discovered that the reverse gear was inoperable. This was corroborated by the testimony of Charles Howard, who had driven the plaintiff to pick up his automobile and had followed him home afterwards. He notified the defendant the same day of the transmission failure and returned the automobile to them for the repair thereof.
Frank Canfield, the president of the defendant corporation, testified that the plaintiff had brought the automobile to him about February 25, 1966, and that it had been repaired within a week. He stated that he did not see the vehicle again until October when Jack Davis, the general manager, consulted him to determine what disposition should be made of the complaint by the plaintiff that the transmission was not functioning properly. In response thereto, Canfield advised Davis to inform the plaintiff that the ninety day warranty had expired. He further asserted that the cause of the transmission problem in October was different from the original cause of malfunction which had been repaired in February. He stated that when gears are stripped as these were, it is usually caused by the transmission’s being placed in a parked or reverse position while the vehicle is moving. Since the plaintiff would not call for the car or authorize the needed repairs, the defendant had a wrecker service deliver the automobile to his residence; however, he explained that the transmission parts were retained as security for the *356 amount owed for labor used in dismantling the transmission and for storage of the vehicle. The testimony of Jack Davis corroborated that of Canfield as to the cause of the transmission’s failure in October of 1966.
Canfield admitted that he had received complaints from other customers, and that he had been informed that eleven such expressions of dissatisfaction were made to the Better Business Bureau in 1967, and he did not deny that complaints were made against him to the District Attorney’s office.
The testimony of Brollen Barrosse, a mechanic engaged by the plaintiff, testified that he had examined the automobile while it was parked in front of the plaintiff’s residence and that no transmission was in it. He estimated that the cost of repairing the vehicle would amount to $494.00.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted plaintiff’s version, and concluded that the defendant had not repaired the transmission in a workmanlike manner and that he was liable to the plaintiff for the sum of $494.00 which is the amount required to properly repair the vehicle. .
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version of the manner in which the work was performed. The trial judge accepted the plaintiff’s version thereof and our analysis of the record convinces us that the evidence preponderates in his favor, and the judgment is, therefore, correct.
Affirmed.